SIMON ABRAMS, Plaintiff in Error, *v.* THE PEOPLE. Defendants in Error.

*Larceny — criminal intent — at time of taking possession of property — essential constituent of.*

The prisoner received certain material, to be made into coats and returned to the party furnishing it. He made it up into coats, but was persuaded to sell them to a peddler, and absconded with the proceeds. *Held*, that unless it was his intent, at the time he received possession of the goods, to steal them, he could not be convicted of the crime of larceny.

Writ of error to the General Sessions in and for the county of New York, to review the conviction of the plaintiff in error of the crime of grand larceny.

*Orlando L. Stewart*, for the plaintiff in error.

*B. K. Phelps*, district attorney, for the defendants in error.

Davis, P. J.:

The plaintiff in error was indicted for larceny. On the trial it appeared that he was a tailor, employed by the firm of W. C. Browning & Co., to manufacture clothing for them, and had. been so employed for some years; that on the 12th of May, 1875, that firm sent to him, by express, materials for 138 cassimere coats, to be made up at his house, where he employed a number of persons in the business of manufacturing. He received the goods, and in the course of the following week or two manufactured the coats; and after they were so made up, was induced by the persuasions of a peddler to sell the coats to him. for $400; out of which he paid the persons in his employ $300, and with the residue went to California, where he was arrested.

There was no direct evidence tending to show that the plaintiff in error intended to steal or convert the goods to his own use at the time they were delivered to him by the owner; but it appeared from his own testimony, that he was induced to make the sale by the over-persuasion of the person to whom it was made, and by his necessities at that time.

The recorder was asked to charge the jury that, upon the evidence in the case, they must acquit the prisoner. This was refused, and an, exception duly taken.

/ He was also asked to charge the jury, that unless they found that the prisoner had it in his heart, and unless it was his intent at the time he received possession of these goods to steal them and convert them to his own use, they could not convict him of larceny. The court refused to charge as thus requested, and said: " In the first place, it has not been established by evidence that this man had any heart, and the jury cannot take any thing on trust." An exception was taken to this refusal.

This exception would, clearly, be fatal, without respect to the exceptionable manner in which the refusal was made, but for the fact that the court subsequently charged the jury in substantial compliance with the request. The charge as made instructed the jury that they must be satisfied by the evidence, beyond a reasonable doubt, that at the time the prisoner received the property from the complainants, he intended to convert it feloniously to his own use, and did so convert it. This was in accordance with the established law in such cases; and the only question left for consideration is, whether or not the judge should not have directed an acquittal, for want of satisfactory evidence to go to the jury upon the question of such intent at the time he received the goods.

There was in this case no evidence of any fraud, trick or device used by the prisoner for the purpose of obtaining possession of the goods ; on the contrary, the materials were delivered to him with the knowledge and consent of the owners, and in accordance with their long, established practice and general understanding, that the coats should be made up and returned in about two weeks.

The prisoner proceeded to make up the materials, and we are unable to discover in the testimony anything tending to show that the idea of stealing or converting the property to his own use, entered into his mind, until after the coats were completed and the peddler had persuaded him to take that course.

Both at common law and by our statutes, there must be a felonious taking to constitute larceny. Our statute defines it to be feloniously taking and carrying away the personal property of another (2 R. S. [Edm. ed.], 699, § 63) ; and such taking necessa-

rily involves a trespass, or such fraud, trick, or device in getting possession of the property, as shows that it was obtained without the consent of its owners.   This is held to be shown where deceit is practiced for the purpose of getting possession ; because, in such cases the consent of the owner being obtained by fraud and deception, is in law held to be no consent.   But the evidence in this case showed the bailment of the property, under which it was freely, and without fraud on the part of the prisoner, delivered to him for the purpose of the bailment ; and he as bailee had not only the lawful possession of the property, but the lien which the law gives to such a bailee for the payment of the labor bestowed upon the article.   The only circumstance in the case from which a felonious intent could possibly be inferred, is the fact of his going away to California after having sold the goods ; but that fact, under the circumstances, tended to show an intention to evade the consequence of his wrongful conversion, rather than any intent to steal the goods at the time they were delivered to the express by the owners.

We think the court ought to have instructed the jury, as requested, to wit, that the evidence in the case was not sufficient to justify a conviction of the crime of larceny.

The judgment must, therefore, be reversed, and a new trial granted.

DANIELS and BRADY, JJ., concurred.

Ordered accordingly.